.UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-318 (SRN/FLN)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  ORDER OF DETENTION

(6) TERRELL BIAS,

        Defendant.

This matter came before the Court on April 12, 2018, upon the motion of the defendant to reopen the detention hearing. The defendant was present and represented by his attorney, Shannon Elkins. The United States was represented by Assistant United States Attorney Jeffrey S. Paulsen.

The defendant is charged by indictment with conspiracy to distribute cocaine and cocaine base, and possession with intent to distribute approximately 14 grams of cocaine. The indictment establishes probable cause to believe the defendant committed the offenses charged.

On December 18, 2017, the defendant waived a formal detention hearing and agreed to an entry of an order of detention against him, subject to his right to reopen the detention in the event of changed circumstances. At the time, the defendant was serving a state sentence for a probation violation. That sentence has now expired.

The defendant's motion to reopen the detention hearing based on changed circumstances is granted. However, based upon the report of Pretrial Services, and the arguments of counsel, the Court concludes that there has been a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure

the safety of the community, and a showing by the preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court. Accordingly, the Court will grant the government's renewed motion for detention.

## FINDINGS OF FACT

According to the report of Pretrial Services, the defendant has five prior felony convictions, including one for terroristic threats. He also has been convicted of providing false information to the police on numerous occasions. He has violated the conditions of his probation repeatedly in prior cases, by, for example, engaging in new criminal activity, failing to report to his probation officer, and failing to submit to drug testing. He allegedly committed the instant offenses while on probation.

## DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). The Court finds that detention is justified under both of these criteria.

The indictment in this case establishes probable cause to believe that the defendant conspired to distribute cocaine and crack cocaine, and possessed with intent to distribute cocaine. A rebuttable presumption therefore arises that no condition or combination of

conditions will reasonably ensure the defendant's appearance in court and the safety of the community.  See 18 U.S.C. § 3142(e)(3)(A).

Even without the presumption, the Court concludes that detention is warranted. The defendant has a lengthy criminal history including a conviction for terroristic threats. He repeatedly violated the conditions of supervision in prior cases, including committing new crimes.  He therefore presents a danger to the community.

The risk of flight also is great.  He has been convicted several times of giving a false name to police.  Although he has some ties to this community, those ties are not sufficient to ensure his appearance in court given all the other risk factors identified above.

## CONCLUSION

Based upon the evidence presented, the Court concludes that the government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community.  In addition, the Court concludes that the government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court.  Accordingly,

IT IS HEREBY ORDERED that:

1. The defendant's motion to reopen the detention hearing is granted;

2. The renewed motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: April 16, 2018

*s/Franklin L. Noel*
FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE