UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-318 (SRN/FLN) |
| Plaintiff, | **ORDER** |
| v. | |
| Terrell Bias (6), | |
| Defendant. | |

Jeffrey Paulsen, Assistant United States Attorney, for Plaintiff.
Shannon Elkins, Assistant Federal Defender, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant Terrell Bias' motion to sever (ECF No. 136). For the reasons set forth below, Defendant Terrell Bias' motion to sever (ECF No. 136) is **DENIED**.

## I. INDICTMENT

On December 12, 2017, a United States Grand Jury returned an Indictment charging Jimmie Lee McGowan, Jr., Steven Rena Stone, Jr., Donte Carnell Robinson, Eric Troy Ballard, Tekhola Temar Lee Trapps, Terrell Bias, Lawrence Michael Crenshaw, Calvin Markeith Berry, Ravel Drake, and Ronald Theodore Dietz with conspiring to distribute cocaine and cocaine base "crack" cocaine in violation of 21 U.S.C §§ 846, 841(b)(1)(B). *See* ECF No. 1. Count 17 of the Indictment charges Bias with knowingly and intentionally possessing fourteen grams of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.* The Indictment also charges Defendants Ravel Drake and Eric Troy Ballard with knowingly and intentionally possessing two

grams, and fourteen grams of cocaine, respectively, with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See id.*

## II. FACTUAL BACKGROUND

On November 9, 2017, law enforcement officers arrested Bias at the Greyhound bus station in Minneapolis, Minnesota. According to the Government, investigators knew from intercepted communications that Bias would be taking a Greyhound bus from Minneapolis to North Dakota. During a search incident to arrest, officers found fourteen grams of cocaine on Bias' person. The Government asserts that intercepted calls confirm that the drugs found on Bias were provided to him by Defendant Jimmie Lee McGowan, Bias' half-brother. Also, that on December 1, 2017, agents intercepted a series of calls between McGowan and Defendant Ravel Drake, whereby Drake attempted to purchase 3.5 grams of crack cocaine from McGowan.

## III. CONCLUSION OF LAW

Defendant Bias asks the Court for severance arguing that he is not a properly joined defendant under Rule 8(b) of the Federal Rules of Criminal Procedure. ECF No. 136. Specifically, Bias argues that his alleged possession of fourteen grams of cocaine on November 9, 2017, is a singular incident, unrelated to the overall conspiracy to distribute cocaine, and that no jury will be able to afford Bias the presumption of innocence if he is tried with the other defendants. *See* ECF No. 322. The Government, in turn, argues that the charge against Bias is part of the same common scheme or plan alleged in the Indictment, and that joinder is proper under Rule 8(b) of the Federal Rules of Criminal Procedure. *See* ECF No. 329.

Rule 8(b) of the Federal Rules of Criminal procedure provides that defendants may be jointly charged "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." "Courts generally read same series of acts

or transactions to mean acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are part of a single conspiracy." *United States v. Jones*, 880 F. 2d 55, 61 (8th Cir. 1989) (quotations omitted).

A severance may be granted where joinder of offenses or defendants would prejudice a defendant. *See* Fed. R. Crim. P. 14. However, there is a strong presumption against severing properly joined defendants. *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996). Defendants properly joined under Rule 8(b) must show that "there is a serious risk that a joint trial would compromise a special trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Put differently, to warrant severance a defendant must show "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993).

The Indictment charges Bias and nine other defendants with engaging in a common scheme or plan to distribute cocaine and cocaine base "crack" in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). *See* ECF No. 1. According to the Government, Defendant Jimmie Lee McGowan obtained drugs from Defendants Steven Stone, Donte Robinson, and Eric Ballard, and provided those drugs to Defendants Bias, Calvin Berry, and Ravel Drake, who served as sub-distributors. *Id*. Counts 17 and 20, respectively, charge Defendants Bias and Drake with possessing cocaine with the intent to distribute. The Government represents that intercepted communications confirm that the drugs Bias was arrested with were provided to him by Defendant McGowan, and investigators intercepted communications relating to drug activity between Drake and McGowan. Based on these facts, and the fact that Bias has failed to show that a joint trial with the remaining defendants would subject him to any legally cognizable prejudice, the Court finds that severance is not proper.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Bias' motion to sever (ECF No. 136) is **DENIED**.

DATED: June 18, 2018

_____
FRANKLIN L. NOEL
United States Magistrate Judge