UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 17-318 (SRN/FLN) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | AND ORDER |
| Terrell Bias (06), | |
| Defendant. | |

Jeffrey S. Paulsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Shannon Elkins, Officer of the Federal Defender, 300 South Fourth Street, Suite 107, United States Courthouse, Minneapolis, Minnesota 55415, for Defendant Terrell Bias.

SUSAN RICHARD NELSON, United States Magistrate Judge

Pending before the Court is the Government's Appeal [Doc. No. 334] of the Magistrate Judge's Order Dated May 24, 2018 [Doc. No. 331]. For the reasons set forth below, the Government's appeal is granted in part and denied in part, and the May 24, 2018 Order ("the Order") is clarified.

I. BACKGROUND

In this multi-defendant case, Defendant Terrell Bias was charged with conspiracy to distribute cocaine and cocaine base, and an individual count of possession with intent to distribute cocaine based on acts allegedly occurring on November 9, 2017. (Indictment, Counts 1 & 17 [Doc. No. 1].) During the investigation of the crimes

1

charged in the Indictment, the FBI obtained a wiretap, and continuation of the wiretap, on the mobile cellular telephone of Bias' brother and co-defendant, Jimmie Lee McGowan, Jr.  (See Gov't Ex. 7 (Initial Wiretap Application & FBI Special Agent Marshall First Aff.) ("First Marshall Aff."); Gov't Ex. 8 (Continuation Wiretap Application & FBI Special Agent Marshall Second Aff.) ("Second Marshall Aff.") [Doc. No. 295].)  As part of the probable cause for issuance of the wiretaps, the FBI's affidavits relied on information from confidential reliable informants, or CRIs.  (See, e.g., Govt. Ex. 7, ¶¶ 14–25 (First Marshall Aff.).)  One particular CRI, identified as CRI-1, supplied information concerning Bias.  (See id. ¶¶ 18, 58, 61, 78, 83.)[1]

In January 2018, Bias filed a pretrial motion requesting that the Government disclose and make informants, specifically CRI-1, available for interview.  (Def.'s Mot. to Disclose at 1 [Doc. No. 132].)  Bias argued that the information provided by CRI-1 was vitally important to his defense because "there is no other information in the wiretap or any of the other police reports connecting Mr. Bias to the allegations surrounding Mr. McGowan, his brother."  (Id.)  Defendant thus surmised that the Government "must be relying on the accusations made by the paid informant," and that he should be permitted to confront his accuser.  (Id.)

---

[1] The Court agrees with Bias' observation that the reference to CRI-3 in Paragraph 58 of the First Marshall Affidavit is likely a typographical error, as all other similar references to Bias come from CRI-1.  (See Def.'s Resp. to Appeal at 3, n.2 [Doc. No. 339].)  Thus, it appears to the Court that only CRI-1 provided information concerning Defendant Bias.

On May 24, 2018, Magistrate Judge Noel issued a two-page Order on three Defendants' non-dispositive pretrial motions, including those filed by Bias. Magistrate Judge Noel summarily ruled, in pertinent part:

> Bias' motion to disclose and make informants available for interview (ECF 132) is **GRANTED** to the extent that any informant or witness has information about any fact the Government intends to prove at trial, regardless of whether the Government intends to call the informant as a witness or not.

(Order at 2.)

The Government appeals this ruling, arguing that this portion of the Order is clearly erroneous and contrary to law. (Gov't's Appeal at 1.) It contends that the ruling is overbroad because, as written, it requires the disclosure of any informant, including informants who acted as mere tipsters. (Id. at 2.) The Government asserts that it only utilized tipsters in connection with the charges against Bias. (Id.) Thus, the Government requests that the ruling be reversed and modified, limiting disclosure only to those informants who were percipient witnesses to the crimes with which Bias is charged, or those who will be witnesses at Bias' trial. (Id. at 3.)

In response, Defendant asserts that the Order is not overbroad. (Def.'s Resp. to Appeal at 5 [Doc. No. 339].) He contends that his motion was limited to CRI-1 and similarly situated informants and that the magistrate judge's order should be construed accordingly. Bias further argues that CRI-1 was not a mere tipster, and that the magistrate judge properly ordered that he be identified and made available for interview. (Id. at 6.)

## II. DISCUSSION

### A. Standard of Review

In an appeal from a magistrate judge's non-dispositive order, the Court must set aside any portion found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### B. Disclosure of Informants

In order to compel disclosure of a confidential informant's identity, a defendant must demonstrate that his right to the information outweighs the Government's traditional privilege to withhold it. Roviaro v. United States, 353 U.S. 53, 59-62 (1957). To override the Government's privilege, "defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). If a trial court orders disclosure absent a showing of materiality, it abuses its discretion. Id. Evidence may be considered material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. (citing United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987), cert denied, 486 U.S. 1025 (1988)).

The Eighth Circuit has repeatedly held that the Government is not required to identify an informant "whose observations formed the basis for a search warrant but who is not a necessary witness to the facts" or an informant who did not participate in the offense charged. United States v. Hollis, 245 F.3d 671, 674 (8th Cir. 2001). Thus, under this standard, the identity of a "tipster" who merely conveys observations and

information to the Government, but who will not be a witness at trial, is generally not material, and therefore not subject to compulsion. See United States v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016); Carpenter v. Lock, 257 F.3d 776, 779 (8th Cir. 2001); United States v. Moore, 129 F.3d 989, 992 (8th Cir.1997); Harrington, 951 F.2d at 878.

Here, the magistrate judge's ruling broadly applies to all informants and witnesses who have information about any fact that the Government intends to prove at trial, regardless of whether the informants or witnesses witnessed the charged offenses, whether they will be witnesses at trial, or whether their testimony is material. Because the Court finds that the Order did not fully state the correct legal standard, it is clarified as follows: Defendant's motion is granted to the extent that any informants were percipient witnesses to the crimes with which Bias is charged, or will be witnesses at Bias' trial, or whose testimony will be material to the determination of the case against Bias. The Government is obliged to comply with this standard.

The wiretap affidavits—and in particular, the probable cause presentations— cite historical information provided by CRI-1 concerning McGowan's role in a drug trafficking organization, including that he "coordinates the shipment of drugs from Minnesota to North Dakota through his brother Terrell Bias." (Gov't Ex. 7 ¶¶ 18, 58, 61, 78, 83 (First Marshall Aff).) Based on this record, it does not appear that CRI-1 is more than a mere tipster. The mere fact that CRI-1 is described as an "associate" of McGowan and that he has received payment from the Government does not necessitate his disclosure. While Defendant argues to the contrary that the magistrate judge apparently

5

recognized this as a "classic situation" requiring disclosure, (Def.'s Resp. to Appeal at 1), the Order contains no discussion of the law or analysis of the facts.

Moreover, Bias recognizes that the Government's conspiracy case against him will likely rely on Bias' statement with respect to the individual possession count, combined with a number of calls between Bias and McGowan. (See id. at 4.) Because Defendant deems this evidence weak or insufficient to establish guilt on the conspiracy count, he speculates that "the government must be relying on the accusations made by the paid informant." (Id.) But beyond Defendant's bald speculation, nothing in the record suggests that CRI-1 was anything more than a tipster whose information provided some of the probable cause necessary for the issuance of the two wiretaps. Nor do the affidavits suggest that he was a percipient witness, nor does the Government plan to call him as a witness at trial. As such, CRI-1 does not appear to be material to the determination of the case and need not be disclosed. However, if there is further evidence material to the defense, from CRI-1 or any other informant, disclosure is required. The Government is thus obliged to disclose and make available for interview any confidential informants who were percipient witnesses to the crimes with which Bias is charged, or will be witnesses at Bias' trial, or whose testimony will be material to the determination of the case, to the extent such confidential informants exist.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Government's Appeal [Doc. No. 334] of the Magistrate Judge's Order Dated May 24, 2018 is **GRANTED in part** and **DENIED in part**;

2. The May 24, 2018 Order [Doc. No. 331] is **CLARIFIED** as follows:

6

Defendant Bias' motion [Doc. No. 132] is **GRANTED** to the extent that any informants were percipient witnesses to the crimes with which Bias is charged, or will be witnesses at Bias' trial, or whose testimony will be material to the determination of the case against Bias.

Dated: July 6, 2018

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge